THE CITY OF ST. LOUIS, Plaintiff in Error, *vs.* GOODE & OTHERS, Defendants in Error.

1. It is no ground for enjoining a sale by the city of St. Louis of land previously purchased by her at a tax sale, that the first sale passed no title by reason of non-compliance with the pre-requisites of the law.

*Error to St. Louis Circuit Court.*

This was a petition by the heirs and administrator of William Christy, to enjoin the sale by the city of St. Louis of several lots in Christy's Addition, previously purchased by the city at a sale for special taxes.

In August, 1846, the city of St. Louis passed an ordinance requiring certain alleys, which had been declared nuisances, to be graded and paved at the expense of the owners of lots fronting on them, within thirty days after notice to the owners or agents. The city marshal was required to deliver the notices, and certify a copy of them to the city engineer, noting the day of service. If the alleys were not graded and paved within thirty days, it was made the duty of the city engineer to let out the grading and paving to the lowest bidder, and charge the cost, together with fifteen per cent. additional, to the owners, to be collected as special taxes usually are. If, however, the owner paid the cost on demand, together with one and a half per cent.

City of St. Louis *v.* Goode.

on the same, he was to be discharged from any further assess-
ments, and it was made the duty of the collectors, in whose
hands the bills should be placed for collection, when making
the demand, to notify the debtor of this fact.

The lots, the sale of which was sought to be enjoined in this
proceeding, were sold by the city for the non-payment of the
cost of grading and paving under the above ordinance, and were
bought in by the city. The petition alleged that the notice re-
quired by the ordinance was not given, and that, if given, a
copy of it was not certified to the city engineer. Other irre-
gularities were alleged, which it is not necessary to notice. The
petition further alleged that the city comptroller had advertised
and was about to sell the lots thus purchased by the city, and
prayed that the former sale be annulled, and the future sale
enjoined.

An answer was filed, denying the irregularities charged in
the petition. At the hearing, it was agreed that there was no
evidence of the service of the notice required by the ordinance,
or of a demand of the cost of grading and paving, except reci-
tals in the books of the city engineer, and that no copies of the
notices were in existence. The court below granted a perpet-
ual injunction. After a motion for a review and new trial
overruled, the city brought the case here by writ of error.

*T. T. Gantt,* for plaintiff in error, insisted that there was
no equity in the prayer of the plaintiffs, because if the pre-
requisites of the law were not complied with before the former
sale, it passed no title, and the plaintiffs could not be preju-
diced by a second sale ; and it was too late to obtain relief by
injunction against any damage resulting from the first.

*Thomas C. Reynolds,* for defendant in error.

SCOTT, Judge, delivered the opinion of the court.

We see no principle on which this proceeding can be sustained.
Nothing is shown in the pleadings or the evidence, which, in
any wise, connects the sale enjoined by this proceeding with the

first sale of the lots, by which it would appear that the last is a mere continuation of the first sale.

The city, as she alleges, by a former sale, acquired a title to the lots, the subject of this controversy. She now proposes to sell them, in order to be reimbursed the costs and expenses of the first sale. The owners of the lots seek to enjoin this last sale, on the ground that the first sale was irregular and void.

Granting that the first sale might have been enjoined, yet the parties not having availed themselves of the right to do so, there is now no necessity for the interference of a court by injunction. The mischief, if any, has been already done. All the right such proceedings could confer has passed to the city. It cannot be a matter of any importance to the owners whether they contest the validity of the first sale with one party or another. As the validity of the sale turns on a question of power or authority to make it, the alienation of the city's title to another cannot affect the owners. The question of notice to a subsequent purchaser could not affect the case. Whether he had notice or not, would be a thing of indifference. The only effect of this proceeding is, to try the validity of the first sale in an injunction suit. There is no warrant in the law for this. The owners are in possession, and when it is assailed by a title alleged to be a nullity, the defects in it may be pointed out. It will devolve on the city to show that such steps had been taken as vested the title of the owners in her.

This case bears no resemblance to those in which courts of equity enjoin sales of real estate where there is a shadow resting upon the title, by which a less price will be obtained for it than if the title was clear. Such proceedings are had at the instance of those who are interested in the proceeds of the sale. Here the city is selling her own title, and whether it brings much or little, is the concern of none but herself. *Gay* v. *Hancock*, 1 Ran. 72. *Lane* v. *Tidball*, Gilmer, 130.

The judgment will be reversed, and the bill dismissed; the other judges concurring.